MORINGLANE & LLEDÓ, Plaintiffs and Appellees, *v.* MUNICIPALITY OF PONCE, ETC., Defendant and Appellant.

No. 5223. Argued May 1, 1931.—Decided June 18, 1931.

*Felipe Colón Díaz* for appellant. *R. V. Pérez Marchand* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

In an appeal from a memorandum of costs and counsel fees the first assignment of error complains of an abuse of discretion in awarding costs. The appellant municipality did not contest the judgment or order once rendered, and there was no appeal from it. Neither of the parties seems to be aware that only on appeal from the judgment or order imposing costs can the discretion itself of the lower court be revised. The actual temerity, whatever its grade, is then complete by *res adjudicata.*

In its second assignment appellant seeks to review the amount of the costs. The municipality maintains that they are excessive. In its brief the appellant does not put us in a position to see that the court did commit an abuse of discretion. General considerations describing the pleadings and the number of hours spent in court are insufficient. A relatively great effort on the part of counsel is not excluded. The pleadings are extensive and show an extraordinary situation. The facts are that the plaintiffs tried to make the defendant accept consignations of $2,000 a month which it finally had to accept on the order of the court. The opinion filed covers seventeen typewritten pages and demonstrates that work was necessary on the part of counsel for the appellees.

Although appellees do not suggest it, there is another reason why we can not adequately review the question presented. The original case was tried on evidence and none of it is included in the record. Unless it is absolutely plain from the record that the award is too high, an appellant from an alleged excessive memorandum is bound as far as possible to put us in the same condition as was the court below. Hence, in aid of litigants, the formulation of Rule 40 C. We are in no position to say that the award of $1,000 is excessive.

There was no adequate index in the record. This also tends to an affirmance of the order.

The order will be affirmed.